**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 22 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JULIUS LESLIE STEWART,

      Petitioner-Appellant,

v.

TIM LEMASTER, Warden, New
Mexico State Penitentiary;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 04-2087
(District of New Mexico)
(D.C. No. CIV-03-687 WPJ/LFG)

**ORDER**

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

This matter is before the court on Julius Stewart's *pro se* request for a

certificate of appealability ("COA"). Stewart seeks a COA so that he can appeal

the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28

U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a "final

order in a habeas corpus proceeding in which the detention complained of arises

out of process issued by a State court," unless the petitioner first obtains a COA). Because Stewart has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

After his probation was revoked by a New Mexico state court, Stewart filed the instant § 2254 habeas corpus petition rasing the following three claims: (1) the arrest leading to the probation-revocation proceedings was illegal; (2) the sentence imposed upon revocation of probation included an improper doubling of the habitual offender enhancement from four to eight years; and (3) his sentence upon revocation of probation was miscalculated. The matter was referred to a magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1). In a comprehensive report and recommendation, the magistrate judge concluded that the first two claims set out in Stewart's § 2254 petition were procedurally barred because Stewart had failed to raise them on direct appeal. The magistrate judge further concluded that Stewart's third claim failed on the merits because the sentence imposed by the state court upon revocation of probation was entirely consistent with the sentence contemplated in the plea agreement should Stewart violate the terms of this probation. Upon *de novo* review, the district court adopted the report and recommendation and dismissed Stewart's § 2254 petition with prejudice.

To be entitled to a COA, Stewart must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Stewart has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Stewart need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Stewart's application for a COA and appellate filings, the magistrate judge's report and recommendation, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes that Stewart is not entitled to a COA. The district court's resolution of Stewart's § 2254 petition is not reasonably subject to debate and the issues he seeks to raise on appeal are not

adequate to deserve further proceedings.  Accordingly, this court **DENIES**

Stewart's request for a COA and **DISMISSES** this appeal.


                              Entered for the Court
                              PATRICK FISHER, Clerk of Court


                              By
                                    Deputy Clerk